JOURNAL ENTRY AND OPINION
The appellant, Gregory Holmes, appeals the refusal of the common pleas court to allow him to withdraw a plea he had entered to a violation of Ohio drug laws. He claims that his trial counsel was ineffective for failing to properly inform him of the sentencing possibilities. After review of the proceedings, we reject this contention and affirm the judgment of the trial court.
At his arraignment, the appellant entered a plea of not guilty and the court assigned the Public Defender to represent him. On January 4, 2000, he withdrew his plea of not guilty and entered a plea of guilty to possession of drugs in violation of O.R.C. 2925.11, a felony of the fifth degree. As part of the plea agreement, the prosecutor's office agreed not to pursue a similar case resulting from an incident on September 28, 1999. (Tr. at 6). The court referred the appellant for a presentence report and for a drug and alcohol assessment.
On January 27, 2000, the court sentenced the appellant to a term of one year in a penal institution. After the imposition of sentence, the appellant informed the court that he wished to withdraw his plea of not guilty and proceed to trial. (Tr. at 17).
Appellant's sole assignment of error states:
 I. THE APPELLANT'S GUILTY PLEA WAS INVALID DUE TO HIS LACK OF KNOWLEDGE BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL.
Appellant claims that he entered his plea because his attorney told him that he had a chance to receive community sanctions. He claims that this information was wrong, that no such possibility existed and that his plea, therefore, was not made knowingly. Such erroneous advice, he contends, constituted ineffective assistance of counsel and, thus, rendered his plea invalid.
An examination of the record shows that the court conducted an extensive inquiry of the appellant, asking his age and education level, asking whether he was under the influence of drugs or alcohol and whether he was on probation or parole for another offense. He responded to all these questions. He also indicated he understood his various constitutional rights and the result of his plea upon them. He said he understood that if the court imposed community control sanctions and if he violated them, he could be sent to prison. He said he understood that an offense committed while in prison could increase the length of his original sentence. He also told the court that no promise or threats had been made to induce him to enter his plea.
Contrary to the appellant's contention that he had no chance for community sanctions, the record demonstrates that the court considered this option. The court told the appellant of the possible consequences of any violation of community control sanctions and later referred him for a presentence and drug and alcohol assessment. Finally, at sentencing, the court indicated to the appellant why it had rejected this option.
Moreover, even if the appellant could establish that he entered his plea because of bad advice given by his lawyer, such advice does not constitute ineffective assistance of counsel. See State v. Longo (1982),4 Ohio App.3d 136; State v. Harris (June 30, 1997), Cuyahoga App. No. 70462, unreported. Specifically, an attorney's mistaken belief that a client may receive probation does not render the assistance ineffective. Longo, supra at 140. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., CONCUR.